ORIGINAL
)&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DR. GERALD FINKEL, as Chairman of the Joint
Industry Board of the Electrical Industry,

**MEMORANDUM AND ORDER**
Plaintiff,
No. 06-CV-2169 (FB) (RML)

-against-

EAST END ELECTRICAL ASSOCIATES, LTD,

Defendant.
-----------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
EYAD ASAD, ESQ.
Cohen, Weiss and Simon, LLP
330 West 42nd Street, 25th Floor
New York, NY 10036

**BLOCK, Senior District Judge:**

Plaintiff is the Chairman of the Joint Industry Board of the Electrical Industry ("the Joint Board"), administrator of employee benefit plans established and maintained pursuant to a collective-bargaining agreement ("CBA") between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO ("the Union") and contract employers, including defendant East End Electrical Associates, LTD ("East End"). In a complaint filed on May 10, 2006, plaintiff alleges that East End employed Union members but failed to make all required contributions to the Joint Board pursuant to the CBA. As East End has failed to respond to the complaint or otherwise defend against the action, *see* Docket Entry #9 (Clerk's Notation of Default dated September 8, 2006), plaintiff now moves for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

Plaintiff alleges that East End (1) employed Union members; (2) was required by the CBA to remit plan contributions to the Joint Board on behalf of those employees; (3) was delinquent in doing so for the week ending May 26, 2004; (4) failed to remit contributions for the period of weeks ending June 2, 2004 through August 11, 2004; (5) failed to remit 401(k) plan contributions for the period of weeks ending July 14, 2004 through August 11, 2004; (6) failed to pay interest on late-paid 401(k) plan contributions for the period of weeks ending June 2, 2004 through July 7, 2004; and (7) is delinquent in substituting payment for a $5,000 check dated August 11, 2004 that was returned for insufficient funds.

These allegations – now deemed admitted – are sufficient to establish a breach of the CBA and, by extension, a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1145 ("Every employer who is obligated to

make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). Having established a violation of § 1145, plaintiff is entitled to the following remedies:

> (A)  the unpaid contributions,
>
> (B)  interest on the unpaid contributions,
>
> (C)  an amount equal to the greater of –
>
>> (i)  interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E)  such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of [the Internal Revenue Code]." *Id.*

Plaintiffs' motion for entry of a default judgment is granted. The matter is referred to the assigned magistrate judge for determination of the relief to be awarded under 29 U.S.C. § 1132(g)(2), as well as any additional damages owed to plaintiff stemming

3

from defendants' breach of the CBA.

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 4, 2007